# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: September 16, 2019)

```
* * * * * * * * * * * * *
MANYA CETLIN-SALTER,        *    UNPUBLISHED
                            *
                            *    No. 16-792V
          Petitioner,       *
                            *    Chief Special Master Dorsey
v.                          *
                            *    Attorneys' Fees and Costs
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
          Respondent.       *
* * * * * * * * * * * * *
```

Carol L. Gallagher, Carol C. Gallagher, Somers Point, NJ, for petitioner.
Mallori B. Openchowski, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 1, 2016, Manya Cetlin-Salter ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury following an influenza ("flu") vaccination on December 4, 2013. Petition at 1. On February 21, 2019, the undersigned issued her Decision dismissing the petition for insufficient proof. *See Cetlin-Salter v. Sec'y of Health & Human Servs.*, No. 16-792V, 2019 WL 1270432 (Fed. Cl. Spec. Mstr. Feb. 21, 2019).

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On June 11, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 59). Petitioners request compensation in the amount of $43,217.24, representing $40,135.10 in attorneys' fees and $3,082.14 in costs. Fees App. at 3. In compliance with General Order No. 9, petitioner represents that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. D at 1. Respondent responded to the motion on June 24, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2–3 (ECF No. 60). Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $41,210.49.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although petitioner was denied compensation, the undersigned finds that both good faith and reasonable basis exist. Accordingly, a final award of attorneys' fees and costs is proper.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her attorney, Ms. Carol Gallagher: $350.00 per hour for work performed in 2015-2016, $363.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2018-2019. Fees App. Ex. A at 14.

The undersigned finds the requested rates reasonable and in conformance with what Ms. Gallagher has previously been awarded. *See De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 338, 345 (Fed. Cl. 2018). Additionally, the undersigned find's Ms. Gallagher's rate of $400.00 per hour for work performed in 2019 to be reasonable. Accordingly, no adjustment to the requested rates is necessary.

### ii. Reasonable Hours Expended

Petitioner requests compensation for 109.95 total hours billed by Ms. Gallagher. Fees App. Ex. A at 14. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The only reduction the undersigned finds necessary is for time spent performing paralegal tasks, specifically drafting correspondence to medical providers for records and responding to inquiries from those providers and for a large amount of correspondence with petitioner. This issue is not new to Ms. Gallagher's billing records. See Rocha v. Sec'y of Health & Human Servs., No. 16-241V, 2019 WL 2406954, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); De Souza v. Sec'y of Health & Human Servs., 141 Fed. Cl. 338 (Fed. Cl. 2018). Based on the hours billed for these tasks, the undersigned finds that a 5% overall reduction to the award of attorney's fees is appropriate to offset the requested amount with what a reasonable amount would be had Ms. Gallagher billed these tasks at a reasonable paralegal rate. This results in a reduction of **$2,006.75**. Petitioner is thus awarded final attorney's fees of **$38,128.35**.

### b. Attorneys' Costs

Petitioner requests a total of $3,082.14 in attorneys' costs. This amount is comprised of acquiring medical records, postage, records review and preparation of an expert report by Dr. Kevin Heaton, and the Court's filing fee. Petitioner has provided adequate documentation

supporting the requested costs and all appear reasonable in the undersigned's experience. Accordingly, petitioner shall be reimbursed the full amount of costs sought.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| Attorneys' Fees Requested | $40,135.10 |
|---|---|
| (Total Reduction from Billing Hours) | - ($2,006.75) |
| **Total Attorneys' Fees Awarded** | **$38,128.35** |
| | |
| Attorneys' Costs Requested | $3,082.14 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,082.14** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$41,210.49** |

**Accordingly, the undersigned awards the following:**

1) **$41,210.49 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ms. Carol Gallagher.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.